IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BARRY LEON FERGUSON,

     Petitioner,

v.                                                                      No. 1:21-cv-01050-JDB-jay

JONATHAN SKRMETTI,

     Respondent.

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DENYING § 2254 PETITION,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

_____

*INTRODUCTION AND BACKGROUND*

On June 8, 2015, a Dyer County, Tennessee, grand jury returned an indictment charging the Petitioner herein, Barry Leon Ferguson, with possession of cocaine, methamphetamine, marijuana, and oxycodone with intent to sell. (Docket Entry ("D.E.") 14-1.) At trial and on direct appeal in that case, he was represented by Attorney Martin Howie. (D.E. 7 at PageID 158.) On December 1, 2015, he moved to suppress evidence seized from his residence on November 3, 2014, pursuant to a search warrant. (D.E. 14-1 at PageID 202-11.) The court denied the motion on the grounds that "[t]he controlled drug buy conducted by officers and described in the Affidavit in Support of Search Warrant provided probable cause for the search warrant." (*Id.* at PageID 239; *see* D.E. 14-4 at PageID 356-57.) The court allowed an interlocutory appeal (D.E. 14-1 at PageID 244-45), which was denied by the Tennessee Court of Criminal Appeals (the "TCCA") on April 1, 2016, (*id.* at PageID 246-47).

On May 31, 2016, movant entered a plea of nolo contendere on all charges and certified for appeal a question of law relative to the validity of the search warrant.  (*Id.* at PageID 250-51.)  Judgments entered in August 2016 reflect a guilty plea with a certified question.  (*Id.* at PageID 252-56.)  He was sentenced to ten years on all charges.  (*Id.* at PageID 252-55.)

On September 13, 2016, Petitioner appealed.  (*Id.* at PageID 257.)  The TCCA affirmed the denial of the motion to suppress evidence.  (D.E. 14-10); *State v. Ferguson*, No. W2017-00113-CCA-R3-CD, 2018 WL 1091805, at *6 (Tenn. Crim. App. Feb. 26, 2018).  His application for permission to appeal was denied by the Tennessee Supreme Court (the "TSC") on June 8, 2018.  (D.E. 14-12.)

The inmate filed a pro se petition for relief from conviction or sentence in the Circuit Court of Dyer County on June 21, 2018.  (D.E. 14-13 at PageID 559-66.)  On November 5, 2018, Ferguson, through counsel, filed an amended petition, which adopted and incorporated the pro se petition.  (*Id.* at PageID 567-68.)  On December 14, 2018, the post-conviction trial court denied relief.  (*Id.* at PageID 570-75.)  Ferguson appealed.  (*Id.* at PageID 577.)  On November 26, 2019, the TCCA affirmed the denial of post-conviction relief.  (D.E. 14-18); *Ferguson v. State*, No. W2019-00134-CCA-R3-PC, 2019 WL 6341046, at *8 (Tenn. Crim. App. Nov. 26, 2019).  On April 1, 2020, the TSC denied permission to appeal.  (D.E. 14-21.)

## THE HABEAS PROCEEDINGS

Ferguson filed a pro se petition under § 2254 in this Court on April 1, 2021, alleging that (1) the motion to suppress should have been granted, (2) the search warrant was invalid and based on false information, (3) the nolo contendere plea was not voluntary or freely given because trial counsel did not explain the ramifications of the plea; (4) counsel was ineffective in explaining the

law on confidential informants; and (5) counsel was ineffective for not speaking to his witness, Kelly Williams, or having her testify at the suppression hearing.  (D.E. 1.)

On April 15, 2021, the Court directed the inmate to file a petition on the official form. (D.E. 6.)  In the amended petition, Petitioner argued that (1) there was no probable cause for the search warrant; (2) counsel provided ineffective assistance; (3) he did not understand the guilty plea; and (4) trial counsel told him that he was entering a nolo contendere plea.  (D.E. 7.)

In August 2021, Respondent,[1] as directed by the Court, filed the state court record (D.E. 14) and his answer (D.E. 15).  He acknowledges therein that the original petition was timely filed but argues that Ground Four of the amended petition is untimely.  He further avers that the remaining proffered grounds for relief relate back to the original petition but are either not cognizable, procedurally defaulted, or without merit.

On October 26, 2021, Ferguson, through counsel, filed a reply,[2] contending that all stated grounds for relief in the amended petition relate back to his original petition.  (D.E. 19.)  He also submits that his Sixth Amendment right to confrontation has been violated because he did not have the opportunity to cross-examine the confidential informant (the "CI") and that he is entitled to a new trial.  However, as this claim was raised for the first time in the reply brief, it will not be considered by the Court.

*FEDERAL HABEAS REVIEW STANDARD*

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by § 2254, as amended by the Antiterrorism and Effective Death Penalty Act

---

[1]The Clerk is DIRECTED to substitute Jonathan Skrmetti for Herbert H. Slatery, III, as Respondent.  *See* Fed. R. Civ. P. 25(d).

[2]Counsel entered an appearance on Petitioner's behalf after the answer was filed.  (D.E. 16.)

(the "AEDPA").  *See* 28 U.S.C. § 2254.  Under the statute, habeas relief is available only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The availability of federal habeas relief is further restricted where the petitioner's claim was "adjudicated on the merits" in the state courts.  28 U.S.C. § 2254(d).  In that circumstance, the federal court may not grant relief unless the state court decision "'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court; or . . . 'involved an unreasonable application of' such law; or . . . 'was based on an unreasonable determination of the facts' in light of the record before the state court[.]" *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (quoting 28 U.S.C. § 2254(d)(1)-(2)) (internal citations omitted)).

A state court's decision is contrary to federal law when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or when "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an "opposite" result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  An unreasonable application of federal law occurs when the state court, having invoked the correct governing legal principle, "unreasonably applies the . . . [principle] to the facts of a prisoner's case[.]" *Id.* at 409.

For purposes of § 2254(d)(2), a state court's "factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  The Sixth Circuit construes § 2254(d)(2) in tandem with § 2254(e)(1) to require a presumption that the state court's factual determination is correct in the absence of clear and convincing evidence to the contrary. *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).  A state court's factual findings are therefore "only unreasonable where they are 'rebutted by clear and convincing

4

evidence and do not have support in the record.'" *Moritz v. Woods*, 692 F. App'x 249, 254 (6th Cir. 2017) (quoting *Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017)) (some internal quotation marks omitted).

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State[.]"   28 U.S.C. § 2254(b)(1)(A).   To be properly exhausted, a claim must be "fairly presented" through "one complete round of the State's established appellate review process."   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999).

The exhaustion requirement works hand in hand with the procedural default rule, which generally bars federal habeas review of claims that were procedurally defaulted in the state courts. *Id.*   A petitioner procedurally defaults his claim when he fails to properly exhaust available remedies (that is, fails to fairly present the claim through one complete round of the state's appellate review process), and he can no longer exhaust because a state procedural rule or set of rules have closed-off any "remaining state court avenue" for review of the claim on the merits. *Harris v. Booker*, 251 F. App'x 319, 322 (6th Cir. 2007).   Procedural default also occurs where the state court "actually . . . relied on [a state] procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985).   To cause a procedural default, the state court's ruling must "rest[] on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citing *Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935); *Klinger v. Missouri*, 80 U.S. 257, 263 (1871)).

A petitioner will be entitled to federal court review of the merits of a claim that was procedurally defaulted if he demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]"   *Id.* at 750.   The ineffectiveness of post-conviction trial

counsel may be cause to excuse the default of an ineffective-assistance-of-trial-counsel claim. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citing *Martinez v. Ryan*, 566 U.S. 1, 14, 16-17 (2012)).

A petitioner may also overcome his procedural defaults by establishing a "gateway" claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). To open this gateway, a prisoner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Id.* at 324. He must also show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted him[.]" *Id.* at 327.

*ANALYSIS*

I.      Probable Cause for Search Warrant (Ground One).

Petitioner maintains that there was no probable cause for the search warrant that led to his arrest and conviction. He submits that the police officer's affidavit[3] led the chancellor to believe falsely that the officers: (1) had used the CI previously, (2) knew that the CI was reliable, and (3) could see who allowed the CI into the residence. Ferguson further avers that the affidavit does not state how the CI knew that he sold cocaine and cocaine base or that the officers monitored anything that took place in the residence. Finally, he points out that there was no audio or visual recording.

A Fourth Amendment claim is not cognizable on collateral review when the defendant had a "full and fair" opportunity to litigate the claim in the first instance. *Stone v. Powell*, 428 U.S. 465, 494 (1976). "In analyzing whether such a claim is cognizable on habeas review, a reviewing court must determine 'whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim' and 'whether presentation of the claim was in

---

[3]Investigator Stoney Hughes prepared the affidavit. (*See* D.E. 1-4 at PageID 98, 107.)

fact frustrated because of a failure of that mechanism.'" *Parker v. Fender*, No. 21-3363, 2021 WL 4771845, at *2 (6th Cir. Sept. 13, 2021) (quoting *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000)) (cleaned up), *cert. denied*, 142 S. Ct. 873 (2022).

Respondent contends that this claim is not cognizable in habeas corpus proceedings, that Ferguson was provided a full and fair opportunity to litigate his Fourth Amendment claim at the suppression hearing and on appeal, and that he indeed concedes this fact by noting that his claim was appealed and raised in the post-conviction proceedings.[4]

In reply, Ferguson insists that Ground One addresses the CI's lack of reliability and that the affidavit supporting the search warrant was based on false information. He does not address Respondent's argument that the Fourth Amendment claim is not cognizable in a habeas petition.

A hearing was conducted on the inmate's motion to suppress evidence on January 4, 2016. (D.E. 14-4.) He then applied for an interlocutory appeal, which the trial court allowed. (D.E. 14-5 at PageID 361-68.) In its denial of relief, the TCCA stated that "there are no issues that require our immediate review." (D.E. 14-7 at PageID 375.) Movant also raised his Fourth Amendment claim on direct appeal. The TCCA affirmed the trial court, concluding that, "while the CS's information in the affidavit may have failed the *Aguilar–Spinelli* test, sufficient police

---

[4]Petitioner raised the Fourth Amendment claim in his post-conviction petition. (D.E. 14-13 at PageID 563.) A post-conviction hearing was held, and Ferguson presented his trial counsel's testimony concerning the motion to suppress and lack of probable cause for the search warrant. The post-conviction court addressed this issue as an ineffective-assistance claim with respect to Attorney Howie's performance regarding the motion to suppress and plea, and denied relief. (D.E. 14-13 at PageID 570-75.) Ferguson raised ineffective-assistance claims relating to the suppression hearing and the plea on post-conviction appeal, but he did not allege a Fourth Amendment claim.

corroboration existed in the affidavit to cure the CS's unreliability."[5] *State v. Ferguson*, 2018 WL 1091805, at *6.

Petitioner has not argued that Tennessee does not have a mechanism by which he could have raised a Fourth Amendment challenge. *See Wheeldon v. Campbell*, No. 16-2054, 2017 WL 3165083, at *2 (6th Cir. Mar. 6, 2017) ("reasonable jurists could not debate the district court's conclusion that Wheeldon's Fourth Amendment claim is not cognizable in a federal habeas corpus proceeding" where he does not allege he was denied a full and fair opportunity to litigate his Fourth Amendment claim). Tennessee's procedural mechanism provides an opportunity to raise such a claim. *Grogger v. Genovese*, No. 16-5486, 2017 WL 11621229, at *2 (6th Cir. Feb. 15, 2017); *see Gray v. Rose*, 627 F. Supp. 7, 12 (M.D. Tenn.), *aff'd sub nom. Gray v. Attorney Gen. for State of Tennessee*, 779 F.2d 50 (6th Cir. 1985) (discussing numerous procedural mechanisms under Tennessee law for raising a Fourth Amendment issue). There is no evidence or assertion that Ferguson's attempts to present his Fourth Amendment claim were frustrated by a failure of Tennessee's procedural mechanisms. Moreover, Petitioner acknowledges that he has raised his Fourth Amendment claim in the trial court and on appeal. For these reasons, Ground One is not cognizable and is DENIED.

II.     Ineffective Assistance of Counsel (Ground Two).

In Ground Two of the petition, Ferguson alleges that his trial attorney did not: (1) talk to or call Williams as a witness during the suppression hearing, (2) explain the guilty plea so that he would understand it, (3) effectively explain the law about confidential informants, (4) introduce

---

[5]"CS" refers to the "confidential source," a term used in the trial court and on direct appeal for the CI. References to the CS and CI are to the same individual.

the preliminary hearing transcript at the suppression hearing, or (5) cross-examine Investigator Hughes at the suppression hearing regarding his conflicting testimony about the CI's involvement.

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on such a claim, a petitioner must demonstrate two elements:  (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense."  *Strickland*, 466 U.S. at 687.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 687-88.  A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (cleaned up).

An attorney's "strategic choices" are "virtually unchallengeable" if based on a "thorough investigation of law and facts relevant to plausible options . . . ."  *Id.* at 690.  "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  *Id.* at 690-91.

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* "It is not enough 'to show that the errors had some conceivable effect on the

outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

The deference to be accorded a state-court decision under § 2254(d) is magnified when a federal court reviews an ineffective-assistance claim:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 105.

Ferguson has not alleged any facts in support of Ground Two in his petition or reply. Respondent asserts that he has presented merely conclusory allegations with no evidentiary support and maintains that the claims lack merit or are procedurally defaulted. In reply, Ferguson argues that he "stated separately the facts that were listed in Ground 2 of the Amended Petition[,]" (D.E. 19 at PageID 799), but does not discuss the merits of those claims.

Rule 2(c) of The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides that a petition must "specify all the grounds for relief which are available to the petitioner" and "state the facts supporting each ground." *See McFarland v. Scott*, 512 U.S. 849, 860 (1994) ("the habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims"); *see Mayle v. Felix*, 545 U.S. 644, 669 (2005) (same). Ferguson has only offered conclusory allegations. Because he has alleged no facts in support of the ineffective-assistance claims in Ground Two, those claims fail to satisfy the pleading requirements for a habeas petition.

Because these claims were raised in the post-conviction proceedings, the Court will address the merits thereof to the extent that they were exhausted.

      1.     Kelly Williams.

Ferguson submits that his trial counsel did not talk to Williams or call her as a witness during the suppression hearing. He raised this claim in the amended post-conviction petition, and Williams testified at the post-conviction evidentiary hearing. *Ferguson v. State*, 2019 WL 6341046, at *4. On post-conviction appeal, the TCCA summarized the evidence about Williams,

> The petitioner testified that his friend Kelly Williams came to his house one day to pick up his laundry. When Ms. Williams arrived, a girl was on the petitioner's front porch, and Ms. Williams agreed to give the girl a ride home. The petitioner believed this girl was the confidential informant because she was "the only person that walked to my house at that time." Ms. Williams told the petitioner she would testify on his behalf, and the petitioner asked trial counsel to speak with Ms. Williams because he believed she was a key witness in his case. Trial counsel, however, did not return Ms. Williams's phone calls. On cross-examination, the petitioner conceded Ms. Williams only knew she gave a girl a ride from the petitioner's house.
>
> . . .
>
> Ms. Williams testified she has been friends with the petitioner for approximately ten or twenty years. Near the time of the petitioner's arrest, Ms. Williams was helping him with his laundry because the petitioner did not have a washing machine. Ms. Williams testified she gave a girl a ride home from the petitioner's house, and she believed the girl was "supposedly, maybe" the confidential informant in the petitioner's case. Ms. Williams also stated she did not see any police officers watching the girl or the petitioner's house.
>
> Ms. Williams contacted trial counsel about the possibility of testifying on the petitioner's behalf but could not reach trial counsel. On cross-examination, Ms. Williams agreed she did not know the girl's name, and, if she had spoken with trial counsel, the only information she knew was what the girl looked like.

*Id.* at *4-5.

At the post-conviction hearing, Petitioner's trial counsel was cross-examined about Williams. The TCCA opined:

trial counsel acknowledged the petitioner told him about Ms. Williams giving a girl a ride from the petitioner's house. Trial counsel, who had known Ms. Williams for "probably [thirty] years," "thought" he spoke with Ms. Williams about the petitioner's case but did not have "any specific recollection." Trial counsel testified Ms. Williams was unable to give him any information about the girl, including her name, and trial counsel did not "know what [he could have] done with that information really if [he] had known the name." Although Ms. Williams and the petitioner believed the girl was the confidential informant, trial counsel was unsure. The petitioner also told trial counsel the confidential informant was a girl who had once stolen his car. Trial counsel "[ran] that [lead] to the ground" and contacted the Dyer County Sheriff's Department to obtain more information. However, he was told there was "no record of anyone being investigated or stopped during the time that [the petitioner] told [him]."

*Id.* at *6.

On post-conviction appeal, the inmate argued that the post-conviction trial court failed to make appropriate findings about Williams's testimony and that his trial counsel was ineffective for failing to call her as a witness at the suppression hearing. *Id.* at *7. The TCCA determined that the post-conviction court credited trial counsel's testimony that any information Williams had was not useful. *Id.* at *7-8. The court deferred to counsel's "sound tactical decisions after adequate preparation," finding:

Although the petitioner contends Ms. Williams's testimony would have "discredited the State's proof," Ms. Williams was not certain the girl was the confidential informant. Ms. Williams also testified she did not know the girl's name and could only describe her appearance to trial counsel. Furthermore, as noted above, trial counsel testified Ms. Williams was unable to provide him with any useful information regarding the girl, and, even if Ms. Williams knew the girl's name, trial counsel did not think he could do anything with that information.

*Id.* at *8.

Respondent presses that Ferguson did not analyze the claim under the AEDPA and that the Court should not further consider it. He argues that the TCCA explicitly cited and applied the correct governing clearly-established federal law in *Strickland* and that Petitioner cannot demonstrate that the TCCA's decision is "diametrically different" from *Strickland*; that the record

reveals counsel's performance was reasonable because Williams could only offer "non-specific, unhelpful testimony"; and that counsel did not know what he could have done with this vague information.  (D.E. 15 at PageID 773, 784.)  It is Respondent's position that the TCCA's application of *Strickland* was reasonable.

The TCCA cited and applied the clearly-established Supreme Court precedent in *Strickland*.  *See Ferguson v. State*, 2019 WL 6341046, at *6-7.  It also credited trial counsel's testimony that he could not use the vague information that Williams could provide about the girl Ferguson believed to be the CI.  *See id.* at *8.  Considering Williams's potential testimony, Petitioner could not show prejudice under *Strickland*.  The TCCA's determination was not contrary to or an unreasonable application of clearly-established Supreme Court precedent and was not based on an unreasonable determination of facts in light of the evidence presented.  The claim is without merit and is DENIED.

2.    Explaining the Plea.

The inmate alleges that his trial counsel did not "properly explain the guilty plea for [him] to understand."  (D.E. 7 at PageID 152.)  He does not, however, identify what aspects of the plea he found incomprehensible.

At the post-conviction hearing, Attorney Howie initially testified that Ferguson did not understand why the CI's identity would not be revealed.  *Ferguson v. State*, 2019 WL 6341046, at *8.  He later clarified his testimony by stating that, although his client understood the nature of his plea, he was "frustrated with the law[.]"  *Id.*  The post-conviction trial court made no ruling on this issue.  *Id.*

On post-conviction appeal, the prisoner insisted that trial counsel was ineffective for failing to ensure that he entered his guilty plea knowingly.  *Id.*  Specifically, Ferguson said that he did not

understand why he could not know the CI's identity and, because of that, he did not have "real notice of the true nature of the charges against him." *Id.* The TCCA determined that Petitioner had waived the claim because it was not raised in the original or amended post-conviction petitions and could not be raised for the first time on appeal. *Id.*; *see Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004).

Respondent submits that the claim is procedurally defaulted because the TCCA invoked a procedural rule that is an adequate and independent state procedural bar to relief and that Ferguson has not established actual prejudice. In reply, the inmate addressed the waiver but did not show cause and prejudice to overcome the procedural default. Ferguson asserted that he would not have accepted the plea if he had known he could not cross-examine witnesses.[6]

When "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see Monzo v. Edwards*, 281 F.3d 568, 575 (6th Cir. 2002). The court applies a four-part test: (1) "the court must determine that there is a state procedural rule with which the petitioner failed to comply"; (2) the court must determine whether the state courts actually enforced the state procedural sanction"; (3) the state procedural rule must have been an adequate and independent state procedural ground upon which the state could rely to foreclose review of a federal constitutional claim"; and (4) "if the court has determined that a state procedural rule was not complied with and that the rule was an adequate

---

[6]Petitioner signed a plea agreement that addressed the waiver of his right to question and cross-examine witnesses at trial.

and independent state ground, then the petitioner must demonstrate that there was cause for his failure to follow the rule and that actual prejudice resulted from the alleged constitutional error." *Monzo*, 281 F.3d at 575-76 (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)); *see also Smith v. Warden, Toledo Corr. Inst.*, 780 F. App'x 208, 218-19 (6th Cir. 2019).

To reject Ferguson's claim, the TCCA relied on a state procedural rule that issues not raised in the post-conviction petition and decided by the post-conviction trial court cannot be addressed for the first time on appeal.  *See* Tenn. Code Ann. § 40-30-106(g); *Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020) ("Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing and decided by the post-conviction court without objection."); *Walsh v. State*, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal."); *Cauthern*, 145 S.W.3d at 599 ("an issue raised for the first time on appeal is waived"); *see also Hawkins v. State*, No. M2021-00536-CCA-R3-PC, 2022 WL 628466, at *10 (Tenn. Crim. App. Mar. 4, 2022).  This rule constitutes an adequate and independent state procedural ground on which the TCCA could deny relief.  *See Monzo*, 281 F.3d at 576; *see also Dickson v. Washburn*, No. 20-5029, 2020 WL 3815664, at *2 (6th Cir. May 19, 2020) ("Tennessee's waiver provision constitutes an adequate and independent state ground for barring habeas relief").  Ferguson has not shown cause and prejudice to overcome the procedural default. As Petitioner's claim of ineffective assistance of counsel for failure to properly explain the guilty plea is procedurally defaulted, it is DENIED.

3.      Explaining the Law About Confidential Informants.

The prisoner alleges that his trial counsel did not effectively explain to him the law relating to confidential informants.  However, he did not raise this claim in the state courts and has not exhausted the claim for habeas review.

Respondent points out that this claim was not raised before the TCCA, is waived under § 40-30-106(g), and is procedurally defaulted.  He posits that, in the post-conviction hearing, Attorney Howie remarked on his client's frustration with the law and his inability to learn the CI's identity.  *See Ferguson v. State*, 2019 WL 6341046, at *8.  Respondent relies on *Hodges v. Colson*, 727 F.3d 517, 542 (6th Cir 2013), and *Rossi v. United* States, Case No. 1:08CR0468, 2013 WL 12229113, at *3 (N.D. Ohio Mar. 12, 2013), to assert that Ferguson's dissatisfaction with the law does not make counsel's performance deficient.  He further notes that Petitioner does not address the procedural default.  It is Respondent's position that this claim is not substantial under *Strickland* and is procedurally defaulted.

Ferguson states that Attorney Howie told him that "he was not entitled to know the identity of the confidential informant because [Ferguson] was not being charged with sale of drugs, but possession with intent."  (D.E. 19 at PageID 800.)  He avers that caselaw indicates there are circumstances when a defendant is entitled to a confidential informant's identity, even when the defendant is not charged with the sale of drugs.  He cites to *United States v. Hearn*, 500 F.3d 479 (6th Cir. 2007), to argue that the Sixth Circuit overturned a defendant's conviction because the government repeatedly solicited testimony about a confidential informant's statements that a defendant had the intent to distribute illegal drugs and the defendant did not have an opportunity to cross-examine the confidential informant.  Petitioner uses *Hearn* to argue that his right to confrontation was violated.

*Hearn* differs, however, from the case at bar because the defendant therein went to trial and, therefore, had the Sixth Amendment right to confrontation.  Ferguson waived that right by entering into a plea.  (D.E. 14-1 at PageID 250 ("I understand that if I went to trial I, or my attorney, would have the right to question and cross-examine any witnesses to testify for me . . ..  I give up or waive my right to a jury trial and all the above rights.")  Additionally, the Sixth Amendment confrontation claim was not previously raised in state court or in the federal habeas proceedings and was raised for the first time in his reply brief.

The movant has not addressed procedural default of the ineffective-assistance-of-counsel claim relative to Howie's explanation of the law on confidential informants.  Ferguson has failed to show cause and prejudice or a miscarriage of justice to overcome the procedural default.  To the extent the *Hearn* argument could be construed as suggesting that the claim is substantial under *Martinez*, Petitioner has not met his burden of showing that his post-conviction counsel was ineffective in not raising the ineffective-assistance-of-trial-counsel claim, especially where there is testimony that, although Howie explained the law on confidential informants, Ferguson was frustrated by or disagreed with it.

The claim that counsel was ineffective for not properly explaining the law about confidential informants is procedurally defaulted and is DENIED.

4.      Preliminary Hearing Transcript.

Ferguson submits that his trial counsel did not introduce the preliminary hearing transcript at the motion to suppress hearing, presumably to cross-examine Investigator Hughes.  This claim was not exhausted before the TCCA on direct appeal or in the post-conviction proceedings.

Respondent argues that the inmate did not properly exhaust this claim before the TCCA and that it should be denied because Petitioner has not asserted cause and prejudice to excuse the

17

procedural default.  Respondent points out that Attorney Howie testified that he vigorously cross-examined Hughes about inconsistencies in his testimony at the preliminary and suppression hearings and that this demonstrates that counsel's performance was reasonable under *Strickland*. In reply, Ferguson discusses Hughes's testimony, but does not address the procedural default.

Petitioner has failed to demonstrate that his ineffective-assistance claim relevant to a failure to introduce the preliminary hearing transcript was properly exhausted[7] and has failed to establish cause and prejudice or a miscarriage of justice to overcome the procedural default.  The claim is procedurally defaulted and is DENIED.

5.      Officer's Testimony.

Ferguson alleges that his trial counsel failed to show conflicts in Investigator Hughes's testimony about the CI's involvement in the controlled buy.  Respondent notes that Petitioner did not exhaust this claim before the TCCA and that the claim is procedurally defaulted, relying on his previous argument that Attorney Howie attempted to show conflicts in Hughes's testimony to also show that counsel's performance was reasonable under *Strickland*.

Movant failed to exhaust this claim before the TCCA.  He does not address the procedural default.  As stated with regard to Ferguson's assertions of ineffectiveness about the preliminary hearing transcript, the TCCA determined that, at the hearing on the motion to suppress, Howie did challenge Hughes's testimony.  *See State v. Ferguson*, 2018 WL 1091805, at *4.  The inmate has not demonstrated that his ineffective -assistance claim is substantial and has not established cause

---

[7]Ferguson did not raise this ineffective-assistance claim in the state courts.  However, on direct appeal, the TCCA found that "defense counsel spent considerable time at the suppression hearing challenging Investigator Hughes's ability to maintain visual contact" and that "defense counsel also questioned Investigator Hughes about the CS's reliability and gave an extensive opening statement as to why the controlled drug-buy did not cure the CS's unreliability in the affidavit."  *State v. Ferguson*, 2018 WL 1091805, at *4.

and prejudice or a miscarriage of justice to overcome the procedural default. The claim is procedurally defaulted and is DENIED.

III.     The Guilty Plea (Ground Three).

Petitioner contends that he did not understand the guilty plea and believed that he was pleading nolo contendere. He states he further believed that his trial counsel would be able to cross-examine Hughes at an appeals court hearing and that counsel would be able to discover the CI's identity.

Respondent submits that this claim was not properly exhausted before the TCCA, was waived, and is procedurally defaulted. He also maintains that Ferguson does not acknowledge the procedural default and has not alleged cause and prejudice. By way of reply, the prisoner addresses only the statute of limitations, not exhaustion or procedural default.

The movant did not raise a claim that he did not understand the guilty plea before the TCCA on direct appeal or on post-conviction appeal. Nor does he argue cause and prejudice or a miscarriage of justice to overcome the procedural default. Ground Three is procedurally defaulted and is DENIED.

IV.     Nolo Contendere Plea (Ground Four).

Petitioner insists that his trial attorney told him that he was not pleading guilty but, rather, was pleading nolo contendere. He asserts that the judgment sheets say that he pleaded guilty, but his counsel's appellate brief states that it was a nolo contendere plea. The Court construes this claim as an ineffective-assistance-of-trial-counsel claim.

Respondent notes that Ferguson's claim that his counsel told him he was entering a nolo contendere plea was not in the original petition, does not relate back, and is time-barred. Petitioner argues that Ground Four relates back to the original petition and is timely because it arose out of

the same transaction, occurrence, or conduct as set forth in Ground Three of the original petition, which alleges that the nolo contendere plea was involuntary and not freely given.

Even if, as Ferguson suggests, the claims arise out of the same transaction, occurrence, or conduct and that Ground Four could be considered timely, it is without merit. The record is clear that he pleaded nolo contendere to the charge. Moreover, the difference between a nolo contendere plea and a guilty plea is that, in the latter, the defendant confesses before the court. *See United States v. McDonough Co.*, 180 F. Supp. 511, 514 (S.D. Ohio 1959) ("[t]he difference between cases submitted to the [c]ourt for its judgment on pleas of guilty or on pleas of nolo contendere is not in the effect or result of the respective pleas. The result is the same. The [c]ourt adjudges in both cases 'that the defendant is guilty as charged and convicted.'") "[A] nolo contendere plea permits a judgment of conviction and the imposition of punishment the same as if a plea of guilty had been made." *United States v. Graham*, 325 F.2d 922, 928 (6th Cir. 1963). Petitioner has not demonstrated that counsel's performance with regard to the nolo contendere plea was deficient or that he was prejudiced. Ground Four is DENIED.

### CONCLUSION

Accordingly, for the reasons set forth above, Ferguson's claims are inadequately pled, without merit, and/or procedurally defaulted. The petition is therefore DENIED.

### APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[8]

IT IS SO ORDERED this 13th day of August 2024.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[8]If Petitioner files a notice of appeal, he must also pay the full $605.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.